## WILLIAM KING

*v.*

## DAVID W. EDMISTON.

STATUTE OF FRAUDS—*when undertaking is original.* Where, after three visits made by a physician to a son-in-law of the defendant, the latter undertook to be responsible for the payment for the services of the former, and services were subsequently rendered under this promise, the defendant's promise is an original undertaking as to the subsequent visits, and he is liable for the reasonable value of such services, but not for services rendered before his undertaking.

APPEAL from the Circuit Court of De Witt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. SWEENEY, FULLER & GRAHAM, for the appellant.

Messrs. MOORE & WARNER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a suit, brought before a justice of the peace of De Witt county, by David W. Edmiston, plaintiff, and against William King, defendant, to recover for services, as a physician and surgeon, rendered by the plaintiff to one William Bowman, the son-in-law of defendant, and such proceedings were had as to result in a judgment for the defendant. The plaintiff appealed to the circuit court, and a trial there had by the court, without a jury. The court found for the plaintiff, and denied a motion for a new trial, and rendered a judgment against the defendant for one hundred dollars, according to the finding. To reverse this judgment the defendant appeals.

It is insisted by appellant, that this record does not disclose an original undertaking on the part of appellant to pay for these services rendered by appellee to William Bowman, and no liability is established on appellant to pay this claim.

It will be seen, the claim was originally for one hundred and twenty-nine dollars, and the judgment was for one hundred dollars—part thereof.

17—88 ILL.

There was much testimony heard by the court on both sides, and, on full consideration of it, there was enough to sustain the finding.

It is in proof, the bill presented, amounting to one hundred and twenty-nine dollars, was a reasonable bill for all the visits and services rendered. There is no sufficient proof that appellant offered to become responsible for these services until three visits had been made, as they were made without his knowledge or procurement. For all subsequent visits and services by appellee, we think there is abundant proof that appellant undertook to be responsible. It was an original undertaking, on his part, and the recovery is for the value of those visits only.

We perceive no reason for disturbing the finding and judgment of the court, sufficient having been shown to establish a liability against appellant for the amount of the judgment, and the same must be affirmed.

*Judgment affirmed.*